UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GEORDAN ARTIS, #155321,
DYMARION JACKSON, #155907
JAMES DALTON, #107037,
CORNELIUS SMITH, #76060,
PAUL JACKSON, #146503,
WILLIE LEWIS, #98323,
JOHN GLAZIER, #142575, and
LEONARD SAMUEL BARLOW, #155273,

                Plaintiff,                Case No. 1:17-cv-516

v.                                            Honorable Janet T. Neff

INGHAM COUNTY JAIL et al.,

                Defendants.
_____/

**OPINION DENYING LEAVE**
**TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Paul Jackson, in conjunction with seven other Ingham County Jail inmates, has filed a complaint under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. Because there are multiple plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $43.75. The Court will order Plaintiff Paul Jackson to pay his $43.75 portion of the filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his claims be dismissed without prejudice.[1] Even if the case is dismissed, Plaintiff will be responsible for payment

---

[1] Also before the Court is Plaintiff Jackson's motion to compel Defendants to release a six-month prisoner trust account statement (ECF No. 9). Because Plaintiff Jackson is not entitled to proceed *in forma pauperis*, his motion to compel will be denied as moot.

of his $43.75 share of the filing fee, in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. The Court has dismissed at least three of Plaintiff's lawsuits for failure to state a claim. *See Jackson v. Hall et al.*, No. 1:03-cv-332 (W.D. Mich. May 22, 2003); *Jackson v. Martin et al.*, No. 1:03-cv-367 (W.D. Mich. June 30, 2003); and *Jackson v. Allegan County Jail et al.*, No. 1:07-cv-1086 (W.D. Mich. Feb. 25, 2008). In addition, Plaintiff Jackson has been denied leave to proceed *in forma pauperis* in multiple prior cases. *See Jackson et al. v. Ingham County Jail et al.*, No. 1:17-cv-237 (W.D. Mich. Mar. 23, 2017); *Jackson v. 48th Cir. Court et al.*, No. 1:07-cv-1164 (W.D. Mich. Apr. 21, 2008); *Jackson v. Merrill et al.*, No. 1:07-1275 (W.D. Mich. Apr. 14, 2008); *Jackson v. Meijer, Inc. et al.*, No. 1:07-cv-1250 (W.D. Mich. Apr. 14, 2008); *Jackson v. Nancy et al.*, No. 1:07-cv-1122 (W.D. Mich. Apr. 14, 2008).

Moreover, Plaintiff's action does not fall under the exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x

796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Although Plaintiff alleges that his prison conditions are less than optimal and that some conditions are unsanitary, his complaint concerns matters that have been ongoing for some time, not matters imminently likely to cause him serious physical injury. He therefore falls short of demonstrating entitlement to the imminent-danger exception to the three-strikes rule.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has thirty days from the date of entry of this order to pay his $43.75 portion of the civil action filing fee. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the

filing fee within the thirty-day period, his claims will be dismissed without prejudice, but he will continue to be responsible for payment of the filing fee.


Dated:  June 19, 2017                         /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**