UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORDAN ARTIS et al.,

        Plaintiffs,        Case No. 1:17-cv-516

v.        Honorable Janet T. Neff

INGHAM COUNTY JAIL et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action, originally brought by eight Ingham County Jail inmates pursuant to 42 U.S.C. § 1983. Since filing, the Court has denied Plaintiff Paul Jackson leave to proceed *in forma pauperis* (ECF Nos. 9-10), because he had previously filed at least three cases that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim. *See* 28 U.S.C. § 1915(g). Jackson has paid his $43.75 portion of the civil action filing fee. The Court has also granted the motions of James Dalton and Leonard Samuel Barlow to proceed *in forma pauperis*. The claims of the other five plaintiffs (Geordan Artis, Dymarion Jackson, Cornelius Smith, Willie Lewis, and John Glazier) have been dismissed for lack of prosecution.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiffs' action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiffs Jackson, Dalton and Barlow are incarcerated at the Ingham County Jail (ICJ). They sue the ICJ; Ingham County Sheriff Scott Wriggelsworth; Ingham County Deputies Gaston, Johnson, Wallace, Perry, Bradley, and Davis (first names unknown); and Ingham County Sergeant Unknown Nye. Plaintiffs complain generally about the conditions of their confinement.

Plaintiffs allege:

1. "[T]here is black mold everywhere" and that "numerous post/pods/floors have been closed because of it." (Compl., ECF No. 1, PageID.5, ¶ 1.)

2. They are instructed "not to drink the water" without explanation. (*Id.*, ¶ 2.)

3. Two persons are housed in cells intended for one person. (*Id.*, ¶ 3.)

4. Inmates are locked in their cells for eighteen hours a day and are permitted out for only two 3-hour periods in a small television room. They are not permitted to go to the gym or outside for exercise. (*Id.*, ¶ 4.)

5. The toilets are timed to flush twice an hour. After the two flushes, inmates are forced to defecate or urinate in a dirty toilet which is unsanitary and odorous. (*Id.*, ¶ 5.)

6. The shower only stays on for three minutes (*Id.*, ¶ 6.)

7. One Plaintiff[1] had his food thrown on the floor by deputies. (*Id.*, ¶ 7.)

8. Plaintiffs have been denied law library privileges and, thus, access to the courts. (*Id.*, ¶8.)

---

[1]Although Plaintiffs do not identify the victim in their complaint, a subsequent motion to amend reveals that Plaintiff Jackson's food was thrown on the ground. (Motion to Amend, ECF No. 16, PageID.37-38.)

Plaintiffs seek compensatory and punitive damages in the amount of $500,000.00 each. In addition, the complaint purports to be filed as a class action for all similarly situated prisoners.[2]

### Discussion

I. Class action

Plaintiffs identify themselves as "Class Action Plaintiffs." (Compl., ECF No. 1, PageID.3.) The Court construes this as a request for class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000). Because Plaintiffs are incarcerated *pro se* litigants, the Court finds that they are not appropriate representatives of a class. Therefore, the Court will deny Plaintiffs' request for class certification.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

---

[2]This is not Plaintiff Jackson's first attempt to raise these claims in this Court. *See Jackson et al. v. Ingham County Jail et al.*, No. 1:17-cv-237 (W.D. Mich.) (Jackson's claims were dismissed for failure to pay the filing fee; the claims were dismissed on the merits with regard to Jackson's co-plaintiff Keith Medlin) (Op. and J., ECF Nos. 19, 20); *Jackson v. Ingham County Jail et al.*, 1:17-cv-463 (W.D. Mich.) (Jackson's claims were dismissed for failure to pay the filing fee) (Ord. and J., ECF Nos. 6, 7). The identical claims are also raised in *Klotz et al. v. Ingham County Jail*, 1:17-cv-608 (W.D. Mich.), although Plaintiff Jackson is not a party in that suit.

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiffs list the nine defendants on the form cover sheet of their complaint. (Compl., ECF No. 1, PageID.1.) Beyond that listing, however, Plaintiffs fail to even to mention any of the individual Defendants in the body of their complaint. Their allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement

of the claim showing that the pleader is entitled to relief"). Plaintiffs' claims against the individual Defendants are properly dismissed.

To the extent Plaintiffs seek to impose liability on Defendant Wrigglesworth because of his supervisory position, their claims also fail. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiffs have failed to allege that Defendant Wrigglesworth engaged in any active unconstitutional behavior. Accordingly, they fail to state a claim against him.

B. Conditions of Confinement

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "'unnecessary and

wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also Richko v. Wayne Cty.*, 819 F.3d 907 (6th Cir. 2016); *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

1. double bunking

Plaintiffs' allegations about being double-bunked fail to state a claim. In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court held that prison overcrowding, standing alone, does not violate the Eighth Amendment. Rather, Plaintiffs bear the burden of showing that crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. 452 U.S. at 348. Plaintiffs' bare claims that they are double-bunked in cells that were originally designed for one person fail to demonstrate that their confinement violates either the Eighth or the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979) (upholding double bunking of pretrial detainees in cells originally designed for one person).

2. exercise

The Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920-927 (6th Cir. 1985). Plaintiffs, however, fail to allege facts suggesting that they are not provided an opportunity sufficient to exercise and maintain fitness. They allege only that the day room does not permit them to engage in cardiovascular exercise, not that they were deprived of all ability to exercise in their cells by, for example, running in place and doing jumping jacks. Nor do Plaintiffs allege that they are never permitted out-of-cell exercise. Such allegations fall short of demonstrating an Eighth Amendment violation.

3. toilets

Plaintiffs next claim that their cell toilets will only flush twice in one hour. They contend that, if one of the two cell occupants has to use the toilet another time within the hour, both inmates are forced to smell the odors. They also suggest that if the occupant must use the toilet for

a fourth time during the hour, the fourth user may be exposed to unsanitary toilet-bowl splash.

Plaintiffs' allegations suggest minor and temporary unpleasantness. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

With respect to Plaintiffs' claims that their cell toilet will not flush more than twice per hour, Plaintiffs fail to state a claim of constitutional magnitude. Plaintiffs do not allege that they (or their cellmates) suffer from a chronic need to use the restroom more than once per hour. As a result, the likelihood is small that the inmates would have to use the toilet a third time within the hour, and if they did, the only hardship they would suffer is an objectionable odor for a few minutes. It is even less likely that one of the two inmates would use the restroom a fourth time and experience toilet-bowl splash.

A prisoner's exposure to the smell of feces is not sufficient to state an Eighth Amendment claim. *See Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *3 (6th Cir. Nov. 12, 1999) (sickening smell of feces does not constitute a sufficiently serious health threat

under the Eighth Amendment); *Bey v. Luoma*, No. 2:06-cv-243, 2009 WL 884630, at *2 (W.D. Mich. Mar. 30, 2009) (exposure to smell of feces does not violate the Eighth Amendment, despite claims of resulting nausea, lack of appetite, and headaches); *Dickinson v. Taylor*, No. Civ.A. 98-695-GMS, 2000 WL 1728363, at *3 (D. Del. May 19, 2000) (holding that a prisoner's "claim that he was forced to endure the smell of his neighbor's feces was properly dismissed because other than nausea, the plaintiff had asserted no serious health threat arising from the unpleasant odors.") (internal quotations omitted)).

Moreover, the Sixth Circuit has recognized on more than one occasion that the Eighth Amendment does not require prisoners to have immediate access to a flushable toilet. *See Abdur-Reheem-X*, 1999 WL 1045069, at *2 (holding that the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets") (citing *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.")). Other courts have agreed. In *Grimes v. Thomas*, No. 2:12-cv-01909-LSC, 2014 WL 554700, at *7 (N.D. Ala. Feb. 12, 2014), the plaintiff complained about a toilet system similar to that in issue in the instant case. In *Grimes*, the toilet system locked out for a one-hour period, after it had been flushed twice within five minutes. The *Grimes* court, relying on *Abdur-Reheem-X*, 1999 WL 1045069, at *2, held that the Eighth Amendment was not violated when a prisoner had to wait an hour to flush his toilet. *Grimes*, 2014 WL 554700, at *7. *See also Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) ("Temporary placement in a cell with no flushable toilet is not an extreme deprivation of a basic necessity.").

In sum, Plaintiffs' allegations concerning the toilet system at ICJ concern only minimal and incidental harms that do not offend the Eighth Amendment. *Dellis*, 257 F.3d at 511. They do not constitute the sort of "extreme deprivations" that make out a conditions-of confinement claim. *See Hudson*, 503 U.S. at 9.

### 4. black mold

Plaintiffs also allege that parts of the jail have been closed because of the presence of black mold. (Compl., ECF No. 1, PageID.8.) Plaintiffs, however, are apparently lodged in different parts of the jail. They do not allege that they have suffered exposure to black mold or any ill effects from such exposure.

Exposure to black mold may, in an appropriate case, be sufficiently serious as to satisfy the objective component of the Eighth Amendment. *Compare Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment), *with Causey v. Allison*, No. 1:08CV155-RHW, 2008 WL 4191746, at *1 (S. D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *see also McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-*4 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006) (dismissing action because Plaintiff did not use due diligence in determining whether mold was airborne or simply present in her house)).

Plaintiffs do not allege that mold from another part of the jail has become airborne, and they do not allege that the presence of mold has caused them health problems. *See Morales v.*

*White*, No. 07-2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegation that black mold is located at some place within a housing unit is not sufficient to support an Eighth Amendment claim). As a consequence, Plaintiffs' allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health to implicate the Eighth Amendment. *Ivey*, 832 F.2d at 954.

        5.      showers

Plaintiffs complain that the shower is set to automatically turn on for only three minutes. They contend that three minutes is insufficient time to clean themselves after exposure to someone else's urine or fecal matter by toilet bowl splash.

A three-minute shower, while brief, does not amount to a deprivation of basic sanitation within the meaning of the Eighth Amendment. Although Plaintiffs may wish for more time in the shower, knowing the limitations on their shower time, they should be able to rinse, lather, and rinse again their entire bodies within three minutes. No reasonable factfinder could conclude that a short shower results in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

        6.      drinking water

Depriving inmates of safe drinking water may give rise to a claim under the Eighth Amendment. Plaintiffs, however, have not alleged such a deprivation. Plaintiffs do not claim that they have been denied water nor do they claim that the water they have been provided is unsafe. Moreover, Plaintiffs have not alleged that they have suffered any harm as a result of drinking the water provided at the ICJ. Plaintiffs have failed to state an Eighth Amendment claim regarding the ICJ drinking water.

7. food on the floor

Plaintiffs allege that on one occasion, a deputy threw Plaintiff Jackson's food tray on the cell floor. "[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate ... food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). Nonetheless, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same); *see also Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, No. 01–17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04–CV–1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

In *Richmond*, the Sixth Circuit determined that a prisoner who was deprived of five meals over three consecutive days, and a total of seven meals over six consecutive days, did not state a viable Eighth Amendment claim, because he "does not allege that his health suffered as a result of not receiving the meals." *Richmond*, 450 F. App'x at 456. In *Cunningham*, the Sixth Circuit determined that providing a prisoner only one meal a day for over two weeks was not an Eighth

Amendment violation, because the meals provided were adequate to sustain normal health. *Cunningham*, 667 F.2d at 566. Plaintiffs do not allege that the prisoner's health suffered as a result of the deprivation, or that the meals he did receive were inadequate to sustain his health. Consequently, Plaintiffs do not state a plausible claim. *See Iqbal*, 556 U.S. at 679 (noting that the allegations must permit an inference of more than a "mere possibility" of misconduct).

C. Access to the courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal

claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiffs have failed to identify the requisite "actual injury." They have not identified any underlying cause of action that has been lost because they were denied law library privileges. Accordingly, they have failed to state a claim for violation of their First Amendment rights.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).[3] If one or more Plaintiffs are barred, the barred Plaintiffs will be required to pay their proportionate share of the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: August 28, 2017     /s/ Janet T. Neff
                           Janet T. Neff
                           United States District Judge

---

[3]Plaintiff Jackson is so barred.