UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORDAN ARTIS et al.,

    Plaintiffs,                                  Hon. Janet T. Neff

v.                                               Case No. 1:17-cv-516

COUNTY OF INGHAM, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 45). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **dismissed**.

**I.**        **Background**

This action was initiated by eight (8) prisoners asserting various claims concerning the conditions of their confinement at the Ingham County Jail. At this juncture only three plaintiffs remain: (1) Paul Jackson; (2) Leonard Barlow; and (3) James Dalton. The only claims remaining at this juncture, asserted against Defendants Wrigglesworth and Ingham County, are: (1) Plaintiffs' Eighth Amendment and/or Fourteenth Amendment claims concerning deprivation of out-of-cell exercise, black mold, unsafe drinking water, and failure to protect from dangerous prisoners; (2) Plaintiffs' First Amendment access to the courts claims; and (3) Plaintiffs' First Amendment incoming mail claim. Defendants now move for summary judgment on the ground that Plaintiffs have failed to exhaust their administrative remedies. Defendants submitted their motion on February 7, 2018.

Plaintiffs were afforded until April 30, 2018, to conduct exhaustion-related discovery and until May 30, 2018, to submit a response to the present motion. (ECF No. 55). The only plaintiff to respond to the present motion is Plaintiff Jackson.

**II.        Summary Judgment Standard**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations."

*Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.     Analysis**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to

exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id*.  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

The Ingham County Sheriff's Office has developed an Inmate Grievance Policy applicable to inmates residing in the Ingham County Jail.  (ECF No. 46-2 at PageID.258-62).  Pursuant to this policy, inmates can appeal the denial of a grievance through three distinct steps.  (ECF No. 46-2 at PageID.260-62).  Defendants have presented evidence that Plaintiffs were each "expressly informed of their right to file a written grievance under the Inmate Grievance Policy."  (ECF No. 46-1 at PageID.254).  Plaintiffs have presented no evidence to the contrary.

Defendants have presented evidence that Plaintiff Dalton "never filed a single written grievance with the Ingham County Jail, either during any of his five periods of incarceration or upon his associated releases from confinement, nor did he seek assistance for the purpose of doing so."  (ECF No. 46-1 at PageID.254).  Plaintiff Dalton has failed to respond to the present motion and, therefore, has presented no evidence to the contrary.  Accordingly, the undersigned recommends that Plaintiff Dalton's remaining claims be dismissed for failure to exhaust administrative remedies.

Defendants have presented evidence that Plaintiff Barlow filed a single grievance, on October 3, 2018, requesting an extra mattress and graham crackers with his "night time meds." (ECF No. 46-1 at PageID.254; ECF No. 46-4 at PageID.293). This grievance does not concern any of the claims remaining in this matter. Plaintiff Barlow has failed to respond to the present motion and, therefore, has presented no evidence that he submitted any other grievances. Accordingly, the undersigned recommends that Plaintiff Barlow's remaining claims be dismissed for failure to exhaust administrative remedies.

Defendants have presented evidence that Plaintiff Jackson submitted three grievances while housed in the Ingham County Jail. (ECF No. 46-1 at PageID.254-55; ECF No. 46-5 at PageID.295; ECF No. 46-6 at PageID.297; ECF No. 46-7 at PageID.299). Plaintiff has presented no evidence that he pursued any other grievances. On May 31, 2017, Plaintiff submitted a grievance concerning his access to the jail's law library. (ECF No. 46-5 at PageID.295). This grievance was rejected at Step I and Defendants have presented evidence that Plaintiff did not pursue the matter further. (ECF No. 46-1 at PageID.254-55; ECF No. 46-5 at PageID.295). Plaintiff has presented no *evidence* to the contrary or which otherwise creates a genuine factual dispute with respect to this particular grievance.[1] The other two grievances Plaintiff submitted concern difficulties he was allegedly experiencing sending certain legal mail. (ECF No. 46-6 at PageID.297; ECF No. 46-7 at PageID.299). Plaintiff's amended complaint, however, contains no allegations about such matters. Thus, these two grievances do not serve to exhaust any of Plaintiff Jackson's remaining claims.

---

[1] The Court notes that Plaintiff makes various assertions in his response to the present motion. However, Plaintiff's unsworn pleadings do not constitute evidence and, therefore, are insufficient to defeat Defendants' properly supported motion for summary judgment.

Accordingly, the undersigned recommends that Plaintiff Jackson's remaining claims be dismissed for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 45), be **granted** and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Dated: June 29, 2018           /s/ Ellen S. Carmody
          ELLEN S. CARMODY
          U.S. Magistrate Judge