UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORDAN ARTIS, et al.,

    Plaintiffs,　　　　　　　　　　　　　Hon. Janet T. Neff

v.　　　　　　　　　　　　　　　　　　　Case No. 1:17-CV-516

COUNTY OF INGHAM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Jackson's Motion for Injunction. (ECF No. 70). This action was initiated by eight prisoners asserting claims concerning the conditions of their confinement at the Ingham County Jail. At this juncture, only three plaintiffs remain including Paul Jackson who now moves the Court for a stay and/or various injunctive relief on the ground that jail officials are undertaking various actions which threaten to impede his right of access to the courts. As discussed herein, the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary

injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Plaintiff has not alleged that he is threatened by an injury for which he has no adequate legal remedy. While the Court is not unconcerned about allegations that an inmate's ability to access the courts is denied, such claims are remediable by asserting the appropriate legal action. Likewise, Plaintiff has not established that he would suffer irreparable injury in the event his motion is not granted. Finally, Plaintiff has not demonstrated that the present circumstance warrants interference by this Court in the day-to-day operations of a correctional facility.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff Jackson's Motion for Injunction, (ECF No. 70), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: August 16, 2018         /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               U.S. Magistrate Judge